I'm glad to be here, Your Honor. Steve Sadie for Charlie McCasland. Good to have you. Just before imposition of sentence, the district court compared Mr. McCasland's case to another that had occurred earlier that day. He said, similar packets, remarkably similar, and then he'd review the packets of both cases, but that Mr. McCasland's offense merited some additional punishment, and he immediately imposed 70 months. Excuse me, counsel. Yes. When I read the note that he used when he robbed the bank, frankly, I didn't read it as a death threat. It said, $1,500 now in envelope. I am armed. Do it now. And his only oral communication was, do it now. I thought, he didn't exactly say kill anyone if they didn't do it now. That is correct. There was not, and we heard. However, it looks like it was conceded. So we don't have the issue of whether it was a death threat. We have it conceded at sentencing that it was a death threat. We have conceded that the two-level enhancement applied. The two-level enhancement applies for a certain, and there is a body of case law from this Court involving the statement about whether you are armed and whether that merits the two levels. And it's, of course, one of the issues here is we don't even know whether the other case got the two-level enhancement. But the two levels is conceded. The two levels is conceded, yes. So we don't have that. That is correct. We are. Now, what difference would there have been had the district judge not said, well, I had a case this morning, and had instead said, well, gee, in the general run of cases I've had. We would have had a situation where we would hope that the cases were individualized as both Gall and Carty from this Court require. That this, the position that the government has taken on appeal eight times is that 3553A6 authorizes comparison with individual cases. If he had said other individual cases, and I'm going to put this within that frame of reference, we have a right to a hearing under Banuelos and under Treadwell to the record of those cases. Because, as I recall, there was, I think you make a good point on that. If the judge is saying, well, I'm comparing it to the case I had this morning, and he knows about the case I had he had this morning, but I'm the defense lawyer. I don't know what he's talking about. That is correct. It seems to me at that point I stand up and I say, Judge, I request a continuance so that I can look into the case you had this morning, find out what that's all about, and speak to it. But there was no such request in this case. There was not such a – there was such a request almost the following morning we filed a motion for reconsideration. That is correct. That's after sentencing.   That is correct. The – what happened was that he – we had all of the arguments back and forth, the allocution, and the judge is pronouncing sentence. Why shouldn't – why shouldn't the defense have to say before sentencing rather than after sentencing that they would like a continuance so that they can look into what the judge is relying upon? For the same reason that in Burns, the Supreme Court case, they did not require an objection at that time and gave plenary review despite the fact there was no objection because it's surprise. That's the problem. That was a Rule 32 case, right? That was the – That's 32H, yes. We're into the 3553A area. Can you help me – you mentioned Von Willis and Treadwell. Yes. And I looked at those cases. You briefed them. And I wasn't – help me understand how they relate here. Now, Von Willis was about prosecutorial discretion. And Treadwell actually says that if you rely on the guidelines and you can assume there's no disparity in sentencing. So help me understand how you want to use them here. Yes. The key issue is the rationale of both Von Willis and Treadwell goes to the – that 3553A6 refers to national uniformity. So that when you – for example, Mr. Treadwell said, well, I was much better than those other fraudsters that got off. He said – what this Court said is, no, we don't have the records of those cases in front of us. We don't know that that's a fact. You have to look at each case individually. And what Von Willis said is that you have to have – But doesn't Treadwell go on to say if you rely on the guidelines, then you're entitled to rely on the guidelines to say there's no disparity because the guidelines has already looked into all of that? Which is why there's a huge contrast with this case because the actual sentence imposed was based on a comparison with an individual case that we had no notice of, that we had no idea of. And once we found out whether there was a basis for objection by getting the underlying facts, we found out that there was a huge factual difference. Three robberies instead of one, and we're viewed as the more serious that gets the extra time. That's exactly the prejudice. I think that the district court urged in going below the guidelines that if the district court had sentenced in the guidelines, it would have been – the disparity issue would have gone away per Treadwell? No. Because we still have the – in this case, there is abundant reason for a 3553A sentence, variance well below the guideline. The question is the degree of variance. And when the court uses another case to say that, well, I'm not going to go as far as I otherwise would have because you deserve more punishment, give me the chance to say why that's not – that shouldn't be. Is there any likelihood of that? I mean, he did get a downward departure. Is there anything in the record to suggest that he would have gotten a bigger one? With the mitigation in this case, a 40-month sentence is a kick in the teeth, Your Honor. Did the other fellow get a bigger – 37 months. And I think that our case, a fair chance to – Incidentally, is there any – the judge said something. He said you have waived some or all your appeal rights, such waivers, and then there was an interruption. Yes. Is there any indication he was looking at the wrong file since this fellow pled straight up and there was no plea agreement or waiver? I – it's true that it was pled straight up. When I heard that, I assumed that he was going through – it is so routine to have appeal waivers, and it's one of the reasons why this opinion, this case is so important because it gives the chance for the court to give guidance when the government is asserting that you can use individual cases and ignoring the rules of Banuelos, Rodriguez, and Treadwell. So it's – I think it's just practically rote at this point to assume that there is an appeal waiver, and that's the only significance I gave to it. But now that you bring that up, it's certainly a possibility. For the sequence, the judge raised this issue about the other case at a time he put which was after elocution, which was after the hearing. Practically in the same breath, he goes on to impose the 40 months. The same breath as what? As saying – making the comparison and then imposing the sentence. He goes immediately segues to the imposition. The way it works, right, is you have a hearing, the lawyers talk, and then the next to the last thing that happens is the defendant allocutes, and then the judge plans a sentence. Yes. And it's at that stage of the proceedings that the judge first raises the references on the case. Yes, Your Honor. Now, short of interrupting the judge and saying, well, I object in the middle of a sentence, which I understand you wouldn't want to do, the judge at that point did say something like, is there anything further counsel? That is correct. And is there some reason that objection couldn't have been raised at that point? At that point, we'll – it's the problem of the reason why Rule 32 in due process requires that the notice occur before so that you know that you should object. At that point, we didn't have the underlying information about what the judge had done and about what – and what that case involved. As soon as we did that – and, of course, the government is arguing that we should have brought that up after the sentence had been imposed – we did that. After the sentence was imposed, we raised a motion for reconsideration, put all the information out there, alerted the Court at page 132 of the excerpt of the record that there's a problem with your procedural state – articulation of reasons now that we have this additional information. He had the chance to correct. And that's really what you're looking for when you're deciding. I'm not – I don't want to criticize the lawyer, and I realize this wouldn't be the first lawyer who went home and said, gosh, Don, I should have said something. And I'm not saying that it was necessary, but I'm saying as a matter of course, if – were you the lawyer? Yes. If you had sort of known everything that minute that you know now, you could have stood up and said, Your Honor, we think – we don't know what this case is. We object to your relying on it. We want a chance to look into this other case and see whether it's made analogous, right? Yes, I could have done that. And the question becomes whether by doing it the next day, you've lost any procedural ground for your client. That is correct. And tell me why you did – why not? First, we put that issue into play by saying a sentence of 24 months is sufficient but not greater than necessary. Second, it's surprised. That's the reason you have Rule 32 built around giving the information that you're going to rely on beforehand. And they keep on using the word before in Rule 32, is so that you're not surprised and that there's not a, gee, we're asking for mercy here, and by the way, you really messed up by doing this, Your Honor. It's bad theater for – and bad advocacy to some extent, and we shouldn't be put in that position. And the other thing, of course, is that we gave the judge a chance to correct the error. The problem that I see is when you gave the chance to correct the error, it's after sentencing. The significance of objecting before rather than after is you only get one roll of the dice. You can't see how the sentence comes out. Now, I'm not suggesting this was tactical, but as a general rule, you can't see how the sentence comes out, and if it comes out well, leave it alone, and if it comes out badly, get another roll. And I notice here, there is this thing on page 29 of the excerpts, line 15, where the judge is talking, he's laying out the terms of the sentencing, and then it says, Ms. Sady, excuse me, Your Honor, and she interrupts to correct an error that the judge is making on restitution. This is Mr. Sady. I think it's wrong in the transcript here. It says Ms. Sady. Yes. And so it doesn't look as though this is a judge who jumps down your throat if you correct an error while he's talking. The question is, do we know that it's an error before we have a chance to see what happened  For all we know, it's – Well, yeah, you do, because on page 28 of lines 1 through 4, he's comparing it to the case this morning. Right. But we don't know if it's a decent comparison. For all I know, that case presents a much more mitigated situation than mine and, in fact, a much different type of threat. It's only after we find out the nature of the – Let me go back to what I was asking about procedurally, because I'd like to get it straight in my mind. I mean, at the time the judge pronounces a sentence, the sentence is pronounced. It is no longer possible to raise an objection prior to the sentence because the judge has just given you the sentence. Of course, it's not entered in the minutes of the court. There's no minute order there. I take it the district of Oregon is like the central district where I have experience. What happens is the judge pronounces a sentence, and then the deputy – correct me if it's different. Yes, sir. But my experience in a sense of this thing is that the judge will talk, and then a day or so later the clerk will have a minute order that summarizes what the judge said, runs it by the judge, and then eventually enters it on a docket sheet. Is that – so I'm trying to figure out what happened in the period between the time that the judge ceased speaking and the time that you filed your motion for reconsideration. I do not know about the minute order, and I can check that, but the – I do know that the judgment was not entered. We gave the judge a chance to – and asked the judge to reopen the hearing before the judgment was entered. And so that there was no reason why we – that given the surprise, given the very specific issues raised about the difference in the two cases. So if that's correct, then once the judge – assuming you don't want to sort of interrupt the judge in the middle of sentencing, I can see where one doesn't do that. You would take the position that nothing really happened, the difference between saying it right after the same hearing or saying it the next morning, nothing of legal significance happened in that period, right? Yes, that – I do not think there was. There wasn't a minute order of something entered on the docket in the meantime or anything like that? I will check on the minute order. I'm not sure when that was entered, but I would – because I've been focusing on the fact that the judgment wasn't entered. Help me understand what difference it makes in a sentence. So let's say it was an error not to raise the issue before sentencing. And maybe you didn't even follow up with these – these motion to reconsider, reopen. At this point, you could still raise a procedural error in the guideline sentencing, correct? We would just be reviewing it for what – under a plain error review? Or how would that work? No. I think that this is plenary review. And the reason is that, first of all, Rule 32 errors, the Court has very – Why is this a Rule 32 error, given that it was after the specifics of the guidelines? He was now into the 3553A factors. Because Rule 35 applies – and I think we know that from Izagiri, the Supreme Court case, where it applied – looked at Rule 32 invariances. The Rule 32 says that before is when you're supposed to get all the information. So it's exactly the violation of Rule 32 that we're facing when you're bringing new information in at the 3553A part of the sentencing. So it's exactly because it's a Rule 32 violation that it should be plenary review, de novo review. Or, if you want to put it in the context of the Cardi and Kuhn standard, that if you make an error of law, that's, of course, an abuse of discretion, which I think is another way of putting it for a plenary review, as they did in Burns, where there's absence of notice. And the – again – How is it in the sentencing report, though? This seems to be different. Are you saying that the information that the district court is relying on in making the disparity determination has to be part of the pre-sentence report? No. It doesn't – it has to be given before under 32I1C, which is, I believe, the statutory enactment of procedural due process for these matters. You have to have an opportunity to be heard on other matters that relate to the sentencing. So it's the pre-sentence report and other matters. I think what they're looking at there is like a – I thought this was – generally is dealt with something like, I'm going to take into account the fact that X happened in the crime, or there's a disputed fact as to whether or not he has – he was carrying a gun or not carrying – you know, something pertaining to the crime. I've never heard of Rule 32 – I don't remember seeing Rule 32 case where the judge has to raise, you know, I'm going to now compare this to a bunch of other cases and I'll tell you what these cases are. And I think that's because it's unlawful under this Court's jurisprudence to bring a case that's not – I mean, you don't have the same notice problems where you have a co-defendant or a co-conspirator. That – those cases, there are cases recognizing that you can consider those types of things. But under 3553A6, that is – you have to have a nationwide uniformity. It's not looking at an unrelated other case with the same offense and what I did in that case. You have to have individualized sentencing. That's what Gall says. That's what Carty says. Supreme Court en banc. There has to be individualized. You can't be looking at these other cases because you don't have the records in those cases. What we were asking for was to get the records, but that was still only a partial remedy because he shouldn't have even been using that as the measure of how far to go down. He should still have been individualizing. Once we knew what his thinking was and once he was saying, this is how I'm doing it, I'm giving him additional punishment based on an unrelated case, that was a violation of Rule – of Rule 32, a violation of 3553A6. It was legal error that is by force a – an abuse of discretion. And the – the language in Rule 32i1c that we're saying incorporates the due process talks about must allow the party's attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence. This is obviously, he's taking this as a matter relating to an appropriate sentence. It's right there in the statute. You know, I think you're right that the law can be read to say that giving greater punishment by comparison to an unrelated individual case is error. I think there's something in the guidelines about that, actually. However, I don't know if there's any practical significance because every judge is comparing the case to other cases he's had in order to try to give it some sort of perspective. And I wonder if you accomplish anything by getting us to say that that's error, except by getting judges to be less candid about what they're thinking. This is a – I think that, first of all, it's very important for the Court to set what the norms are and that we assume the judges do follow the norms when they're explained to them and what is required and what is permissible and what is not. It's the same way as a jury instruction. We have to assume that the judges are following, that they're not giving greater sentences because they don't like their hair color or something like that. But we have to assume that they're – that once you articulate the standard, that the judge will follow it. There is the option that the Court has to remand it to a different district court judge, or if not, the district court judge may well, with me having the opportunity to explain those differences, see that a lower sentence is appropriate. This is a case with massive mitigation. This 40 months was – we can make a very compelling argument, I believe, that it's more than is – it's greater than necessary to achieve the purposes of sentencing. Thank you. May it please the Court. Kelly Zusman, appearing on behalf of the United States. First, in answer to the question about what the deputy clerk did here, she entered a minute entry that simply reflected that the sentencing hearing occurred and that a judgment would be entered. That's at ER-212, and it's criminal docket number 32. It didn't include any of the Court's substantive findings. That actually appears in a fact-finding order. So they came later, and until the order is actually entered, the defendant is not sentenced. There's no judgment. He was sentenced at the sentencing hearing. The judge pronounced the sentence, but there's no – there's no actual sentence imposed until the minute entry, right? I don't believe so. I believe the sentence is imposed when the Court orally pronounces the sentence. The judgment was entered about a week later. Well, I don't think so. I mean, you – the words spoken in court don't have a legally operative effect, not since – for a long time. Usually, courts ask for written orders. The Court may so state what the order will be, but I don't – Well, we know that the Court's oral pronouncement controls over any contrary written findings. I think regardless of the timing issue here, we know what Judge Mossman would have done had he excised the reference. But it matters for purposes of answering the question of whether the objection was raised after sentence was imposed. If there was no order imposing a sentence, then, in fact, the objection is timely. The judge first disclosed that he was relying on this other case right there in court, so it's not like they could have raised it before the hearing, or they could have raised it during the argument, or – you know, and significantly, or that defendant in his elocution could say, Judge, I'm not as bad as that other guy that you think is better than me. Significant fact. We consider elocution to be a constitutional right. So insofar as this influences the judge's thinking, the defendant didn't have a So it first arises when the judge speaks. You say, well, counsel should have gotten up like a jack-in-the-box and, you know, raised an objection. But – and maybe he should have, and maybe we all, if we sort of thought of these things in court as we sort of think about them later, maybe he should have, but the fact is nothing of consequence happened between the time that the judge stopped speaking and the time that he filed his – the defense counsel filed an objection. No legally operative thing happened. The fact that the hearing was adjourned is not of any legal significance. Your Honor, I'm not aware of any authority that specifically says that a sentence doesn't become operative until the clerk enters an order. I think, though, that really, regardless of what – You just try to get the Bureau of Prison to take the guy away based on the judge's oral statement, and you'll find out that they won't do it. But I think you'll find that – well, in this particular case, Mr. McCaslin was directed to self-surrender, so it wasn't like he was in custody. But had he been in custody, he certainly would have been receiving credit for that entire time. I guess my concern is, I think the larger issue here – I mean, let's say you have a hearing and the judge says, look, I need more information on this other issue as a reason. Meanwhile, the defendant stays in jail, he would receive credit for that time as well. So that's not a – that's not a – you know, not a relevant – Your Honor, certainly the timing issue may affect the standard of review that you employ. We've taken the position that any objection about the reference to the other case should have been made at the time of the sentencing hearing. Now, even if you reject that, and even if you employ, as Mr. Sady has suggested, a de novo standard of review, our position is that there was no error here. In fact, Rule 32 does not compel a district court judge to give the parties advance notice of everything within their realm of existence that they may consider at the time of the sentence. When the judge uses something as specific as saying, look, I am going to punish this defendant worse than another specific defendant. You know, I'm doing this in meeting my obligation in trying to determine whether the sentence is consistent with, you know, the uniformity requirement of 3553, the idea of not having great disparities. And I've thought about it, and the reason I'm going to give this sentence rather than a lower sentence is because I consider him to be worse than this particular case. And it turns out the judge is wrong about that. The case is not worse, or the case, I mean, here is first a specific fact, a specific case, a specific set of circumstances. Defendant doesn't, defense lawyer doesn't get a chance to argue about that. Defendant himself doesn't get a chance to plead with the judge and say, look, judge, I'm not as bad as this other guy. And, in fact, it turns out the judge himself is wrong, maybe. You know, about the comparison. And if it is brought to his attention that he's wrong, maybe he'll say, gosh darn, you know, I, I, you're right. I think defendant really deserves a lower sentence. How do we know? Well, we have the answer to that. It was brought to his attention through the motion to supplement and the motion to reconsideration, Mr. McCasland's contention that it was wrong. And here's what Judge Mossman said. He said, I don't see this as a case as one where the court placed any substantial reliance on the prior sentence in any way that would be meaningful. He also said that he thought it would do more harm than good. But he said it did. He did. I mean, it's very hard. I mean, he may disown it later, but when he's pronouncing sentence, he says specifically, I'm giving him a heavier sentence because he's a worse guy than this other guy. And I, I, you know, he might say, gee, that wasn't really as important in my thinking as, as I said it was or something like that. But to say it didn't happen, it's a little bit sort of like denying reality. What he says is it wasn't material. I think it's important. Mr. Sadie, I think, has done a very good job of isolating. He always does. Yeah, he always does. Wait a minute. The judge says in the hearing on supplementing, he says, I don't see this case as one where the court placed any substantial reliance on the prior sentence in a way that would be meaningful to this sentence. But then when I look back at the previous hearing, he says that I must try to set or allocate a sentence within other bank robberies. I happen to have another bank robbery sentence earlier this morning. And as I reviewed these two packets of materials, I found them to be remarkably similar. Your commission of this offense is different than that one in that you did something I think merits some additional punishment, and that is this threat of death. So it's, it's hard for me to read the earlier transcript and not see substantial reliance on the prior sentence. How should I do that? Well, and I think my suggestion is twofold. The first is the sentencing transcript here of everything Judge Mossman had to say about why he was imposing a sentence on Mr. Caslen actually takes up several pages. Begins on ER 25. A lot of it is about why he's giving him a break, his mental illness and his rehabilitation and all that. Right. Which shows he's giving him precisely the type of individualized sentence Mr. Caslen claims he is entitled to. He talks about the sentencing guidelines and the statutory factors. He says, I recognize you have engaged in significant post-defense rehabilitation. I want to give you some credit for that. What I meant by that was, yeah, he does talk for a few pages, but most of the talk is about why he's cutting it down. The only talk about why he's bumping it up, I think, is what I quoted. Well, and that's correct. But again, I guess I challenge the notion that he's bumping it up. Keep in mind that we're, our starting place. He says I have to bump it up over the guy sentenced this morning. He's, we're starting at 46 to 57, which is the properly calculated guideline. I agree with you. Frankly, in Alaska, bank robbery with a note gets more. They don't depart downward for him. Well, I think the other thing that we're working with here is the incorrect factual assumption that in some way Judge Mossman erred relative to the case that he heard earlier that morning. Now, we have some speculation that, in fact, it was this case called United States v. Watson. Mr. McCaslin relies upon a criminal complaint to suggest that Judge Mossman committed an error. We know that a criminal complaint is simply a charge which gets the case started. It's not evidence of anything. From the docket sheet in the Watson case, we know that Mr. Watson did not plead guilty to the criminal complaint. He pled guilty instead to a single count information. One count of bank robbery. So we – but when Judge Mossman said, your case, Mr. McCaslin, involves a threat of death, he got the two-level increase. Well, the judge had read the pre-sentence report, not just the information. Well, and – When people make a deal, the information often reflects less than what they actually did. The pre-sentence report tells you what they did. Well, yes, but this is – this whole appeal is premised upon the notion that Judge Mossman made a factual error. What I'm suggesting to you is there is no evidence here of any factual error. And we don't have Mr. Watson's pre-sentence report. And I think Judge Mossman appropriately said it would be inappropriate to import an unrelated defendant's pre-sentence report into this case. And, in fact, Mr. McCaslin never asked for – But he did precisely that. I mean, the judge says, I am giving him more punishment because I read the PSR in this case than I did in the other case, and this guy, you know, this defendant, is worse than this other guy. I mean, he – I'm sorry. I just wanted to get away from the factual issue for a moment, just to the legal issue. We said in Autry we upheld a judge saying, I looked at hundreds and hundreds of these cases. In this case, he said, I looked at this one case. Why – is there a line, is it okay if you look at ten cases, but not if you only look at one, is it you need to look at more than 50? I mean, how is this 3553A6 determination supposed to be made? Well, the statute doesn't dictate to a district court judge how the determination is to be made. And I would submit that the distinction between saying this is like this – you know,    to a case that he heard on Saturday morning, or hundreds of others, and comparing them to a single case that he happened to hear that morning. Functionally, I don't think there's any difference. I think – and the statute simply doesn't tell Judge Mossman, you cannot compare this bank robbery defendant to another single bank robbery defendant. It simply doesn't stand for that. I think Judge Mossman, appropriately, in attempting to comply with the statute because – and it's entirely reasonable to expect a district court judge who happens to be sentencing two bank robbery defendants on the same morning to draw some comparisons and contrasts between the two. The earlier case was a public sentencing. Mr. Kastlin was on release. Judges frequently surprise us with their questions from the bench, either at a sentencing hearing or an oral argument. And it's for us to respond to those. Certainly, Mr. Sady is an entirely excellent physician to respond to the court's comparison to other defendants and saying, you know, Your Honor, no, my guy is really unique. And he did that at the sentencing hearing. And Judge Mossman heard all of those mitigation arguments. And we have with the reply brief a concession that there's no claim here that the sentence that was ultimately imposed was substantively reasonable. This is simply a claim that the district court judge committed an error because he happened to refer to another bank robbery case that he'd heard that morning. He referred in very specific terms. He says the facts are remarkably similar. And he lists what the facts are. I happen to have another bank. And it's turned out the same criminal history, the same serious effort of post-offense rehabilitation, mental health issue that drove each of the offenses different in kind, but similar in their motivations. So he's very specific about the similarities. And then he goes on to say, your commission of this offense is different than that one in that you did something that I think merits some additional punishment. So there's this difference. And this difference is not going to be just a relevant difference. It's going to be something for which I'm going to base additional punishment. And that is that you had a threat of death. In that way, that case was more traumatizing for the teller than in that case. I mean, this is not some general reliance on past history or experience of the district judge. This is a point-by-point comparison to another defendant saying, you are a worse guy than this other defendant. I'm going to give you more punishment. And the defendant has no chance to allocate on that point. The lawyer, his lawyer has no chance to argue why the client is not worth this fact that the judge seems to be thinking so significant. And for all we know, it's wrong. For all we know, the judge just got confused. But you don't know that he is wrong. And you don't know that Mr. Walker We don't know he's right. I do think he's right. I think Well, then, bully for you. That's going to be swell. We can't know that because we can't see any more than Mr. Sady could, the pre-sentence report in the morning case. And we know the judge was wrong about something else. He thought this was a plea bargain with a waiver of appeal rights. And he didn't realize that the defendant was pleading straight up. And I don't think it's fair to say So confusion is possible. And we don't know the It's certainly possible. I don't think Judge Mossman did anything wrong by comparing this defendant to another defendant he'd heard that morning. We're not punishing Judge Mossman. This is not a question about whether the district judge did anything wrong. I mean, judges err all the time. You will occasionally get traversed by the Supreme Court. Not often, but once in a while. And, you know, we don't sort of look at each other and say, gee, you did something wrong. It's just the way it is. It's the nature of the process. Sometimes judges make mistakes. And I'm suggesting you have no proof here that Judge Mossman made a mistake. And I don't think it's fair to infer that because he misspoke about a waiver of appeal that he necessarily made a mistake about his comparison with another case that he'd had that morning. Well, it's because none of us can see the pre-sentence report. He says, I'm bumping you up over this morning's guide because your crime was more aggravated and we don't know. Well, but isn't there a presumption that he's accurate? Isn't there a presumption that he knows and understands the law? And when he says that, I think he's – What is the law right now on the issue of letters to the judge? I remember when I was a district judge, I used to get letters all the time from people, most of them about what a good guy the defendant was, some of them about how bad this crime was and how much it damaged my life. And as I recall, I can't recall for sure, but I think defense counsel was entitled to read the letters. I think there was some Ninth Circuit law in that. Do you know what the status is right now? Yes, I do. And Rule 32 requires that if the court receives that kind of ex parte information, the judge discloses it to both parties. He gives the parties a chance to comment upon it, and then if, in fact, it raises a factual issue, Rule 32 requires that the judge either resolve that factual issue or state that he's not going to rely upon that information in imposing sentence. Now, in this case, should the pre-sentence report in the Mourning case be treated like one of those letters so that the judge either has to let the defendant see it if the defendant makes a timely request to or else announce that he's not going to rely on it? My concern is here he said he was going to rely on it. And then afterwards, when he is confronted with the motion for reconsideration, he said It's like I'm going to sentence you to more time because I got a letter from the victim saying it was really bad, but you can't see the letter. That's taking away the issue of timely objection. Right. And I have two responses to that. The first is, again, Judge Mossman's comments comparing this case to the earlier case were done in the context of explaining why he was not making a further downward variance to the sentence. He was explaining to the defendant, You've asked for 24 months. I'm going to come down from the advisory guideline range for all of these reasons. And it was within that context that he made this comparison to tell Mr. McCaskill that, Look, your offense is a serious one, and it deserves some more punishment than I think you're requesting here. Secondarily, when the motion for reconsideration and the motion to supplement came up, Judge Mossman did essentially what Rule 32 requires. He looked at the issue. He looked at the materials that Mr. Sady had gathered regarding the Watson case, and he said, I don't have to make a fact-finding on this because I didn't rely upon this information in any material way, and I am unaware of any authority from this circuit which would suggest that we have to disbelieve him. Judge Mossman said it wasn't material, he didn't rely upon it. We also know that pre-sentence reports It's contradicted by what he said at the time. And I mean, what do we say? He didn't mean it when he said it at the time. He changed his mind. He forgot. I mean, how do we treat this? This is clear inconsistency. He says, I didn't rely on it. Here he says, I've looked at this case. It's point by point similar except this one thing that deserves more punishment. He says, deserves merits some additional punishment. I mean, you know, transcript wrong on this? What do you make of this? He says, I didn't rely on it. Here in the transcript, he said very specifically that he's giving more punishment because of the difference with this other case. And again, I think he's clarified that for you with the transcripts from- Actually, he didn't clarify it. He more obscured it. It's really more like what he's done. Well, but what Judge Mossman ultimately held was- He could have said, I relied on it at the time. I've looked at it again. I've changed my mind. It really doesn't make any difference. You could say that. But to say I didn't rely on it when here he says I didn't rely on it contemporaneously just makes me wonder whether, in fact, he's being entirely candid. And I think, at least the way I would suggest that his words be interpreted is that he certainly did rely upon it. He wasn't saying he didn't. What he does say, though, is I didn't rely on it in any material respect. And to me, that suggests that, look, I was going to give him a 40-month sentence regardless of what I gave anyone else because that's what was appropriate. When he uses the word material, I think that's what he's talking about. The other concern that I have here that I want to be sure that I raise, I see my time is out, is that pre-sentence reports are highly confidential materials. Mr. Watson may well have made some very sensitive revelations to the probation officer. That's why you don't rely on them in a different case. Well, that's why we don't import that pre-sentence report from another defendant into this case. If I'm the judge and I'm reading a pre-sentence report about Defendant Alpha, then I don't rely on the information in the pre-sentence report about Defendant Alpha when I'm sentencing Defendant Beta in an unrelated case. But then we have the statute, 3553a6, which says that a district judge is supposed to do his or her best to try and have sentences that are not disparate, that are fair to each person that appears in front of them. So there necessarily has to be some of them. In pre-guidelines days, judges used to have individual guidelines. I remember appearing in front of misdemeanor court judges, and they'd say, well, what I always give for this. And each judge had his own guidelines, and the practicing lawyers knew what they were. And they varied a lot, because one judge thought shoplifting was just awful, and another judge thought it was no big deal, that kind of thing. Okay, thank you. Thank you, Your Honor. I see you're out of time. Would you like to come in for rebuttal? I have three quick points, Your Honor. First of all, I want to agree with Ms. Zussman about the importance of the oral pronunciation of sentence. I'm not demeaning that by saying that when we did the prompt statement, motion for reconsideration, I think that affects what our argument is on the standard of review. I think it affects on the motion for reconsideration that should have been granted because we gave the opportunity to correct the error. Second, all this conversation about the what happened on the subjective belief of the judge that was expressed at the month-later motion to supplement, Fernandez and Gula was an en banc case, saying that subsequent statements are not considered, that it only matters what actually happened on the record, and it's because we're dealing with appearance of fairness as well as subjective fairness. And third, in response to your question about Autry, Your Honor, that case, if we go back and look at where they're talking about the other hundreds of people that Judge Jones had sentenced, he's doing that under 3553A1. He's only doing it to say that I think that this is the type of characteristic person that he is. He's not a pedophile. That was what he was saying. He was never. And what we just heard here is why it's so important that we have a very clear ruling. 3553A6 is national uniformity. It has nothing to do with allowing you to incorporate another case, especially without notice. Thank you.
judges: Kozinski, Kleinfeld, Ikuta